# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JEFF BACHNER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Cause No. 1:19-CV-64-HAB |
| USA HALLOWEEN PLANET, INC., | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, a professional photographer, filed suit in early 2019 alleging copyright infringement of a photograph he took of a firework display. After suit was filed, this action laid dormant for more than a year; Defendant filed no responsive pleading and Plaintiff did nothing to move this case along. Having been prompted to action by a Local Rule 41-1 dismissal warning, Plaintiff obtained a clerk's entry of default and now seeks default judgment.

**A.    Factual Background**

Because Defendant filed no responsive pleading, the Court will accept the well-pleaded facts in Plaintiff's Complaint as true. As noted above, Plaintiff is a professional photographer who licenses photographs for online and print media for a fee. The photograph at issue in this case is of the Times Square celebrations for New Year's 2013 (the "Photograph"). (ECF No. 1-1). Plaintiff licensed the Photograph to the New York Daily News and registered the Photograph with the United States Copyright Office.

Defendant, an Indiana corporation that runs a firework distribution website, used the Photograph on its website in a post dated January 2, 2013 (*see* ECF No. 1-4). Defendant did not license the Photograph from Plaintiff or otherwise have permission to reproduce the Photograph.

In addition, Defendant removed the "gutter credit," a notation below the Photograph that identified Plaintiff as the photographer, when it reproduced the Photograph on its website. Plaintiff alleges that all of Defendant's conduct was intentional.

**B.     Legal Analysis**

Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not. *See United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The plaintiff must provide evidence of damages. 10 Moore's Federal Practice, § 55.32[1][d] at p. 55–45 (3d ed. 2013) ("The claimant must establish the amount of damages . . ."). Where a party uses affidavits to support its claim for damages, the evidentiary material offered should consist of material within the personal knowledge of the affiant and not hearsay, and attached exhibits should be accompanied by sworn statements of the circumstances that would qualify them as full exhibits. *Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4 (2nd Cir. 1970). Judgment cannot be entered based on claims of damages that are unsupported by admissible evidence. *See Cent. Laborers' Pension, Welfare and Annuity Funds v. Stormer Excavating, Inc.*, 2008 WL 5142159 (S.D. Ill. Dec. 5, 2008).

**1.     *Copyright Infringement***

"The Copyright Act permits a copyright owner to recover actual damages suffered as a result of the infringing activity and any profits of the infringer resulting from the infringement that are not otherwise taken into account in calculating actual damages." *McRoberts Software, Inc. v. Media 100, Inc*., 329 F.3d 557, 566 (7th Cir. 2003). Actual damages are "usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the

infringement or by the value of the use of the copyrighted work to the infringer." *Id*. The Seventh Circuit has said "[i]t is not improper for a jury to consider either a hypothetical lost license fee or the value of the infringing use to the infringer to determine actual damages, provided the amount is not based on 'undue speculation.'" *Id*. (quoting *On Davis v. The Gap, Inc*., 246 F.3d 152, 166 (2d Cir. 2001)).

In support of his claim for damages, Plaintiff has submitted the affidavit of his attorney, Richard Liebowitz. (ECF No. 9). In the affidavit, Attorney Liebowitz states that "Plaintiff estimates that he would have been entitled to charge up to $1,500.00 for use of the Photograph in the manner used by Defendant." (*Id*. at 4). Plaintiff seeks an addition $1,500.00 representing the speculated amount Defendant generated from its infringement. (*Id*.).

There are at least two problems with Plaintiff's submission. First, the affidavit supporting his damages is signed by Attorney Liebowitz alone. While affidavits can be sufficient evidentiary proof of damages, *see O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.3d 1394, 1404 (7th Cir. 1993), the affidavits in question must be signed by an individual who has personal knowledge of those damages. *Cf. Trs. of the Teamsters Union Local No. 142 Pension Tr. Fund v. KLS Servs. INC.*, 2007 WL 2700247, *2 (N.D. Ind. Sept. 11, 2007) ("Plaintiffs submit an affidavit from Jay Smith, Fund Manager of the Trust . . .") with *Miron Const. Co. v. Structural Steel of St. Paul, Inc*., 2012 WL 3776512, *1 (W.D. Wis. Aug. 30, 2012) ("Plaintiff may supplement its proof of damages by filing one or more affidavit(s) from those with personal knowledge," as the affidavit signed by Plaintiff's counsel was insufficient). Attorney Liebowitz does not indicate that he has personal knowledge of the damages. Thus, Plaintiff has provided no evidence to establish its infringement damages.

Second, even had the affidavit been signed by Plaintiff, his estimate of the amount "he would have been able to charge" is not sufficient to establish damages. Without additional evidence, Plaintiff's subjective belief as to the fair market value of the Photograph is not enough to prove damages. *Bell v. Taylor*, 827 F.3d 699, 709 (7th Cir. 2016). "The question is not what the owner would have charged, but rather what is the fair market value." *Id.*, quoting *On Davis*, 246 F.3d at 166). Without some evidence demonstrating the amount Plaintiff received for licensing the Photograph to others, or some other evidence of the fair market value the Photograph, the Court cannot award damages on the infringement claim.

**2.    *DMCA Claim***

Plaintiff also seeks damages for Defendant's removal of copyright management information in violation of the 1998 Digital Millennium Copyright Act ("DMCA"). Civil plaintiffs injured because of a DMCA violation may seek either actual damages or statutory damages of $2,500 to $25,000 per infringement. 17 U.S.C. § 1203(c). Plaintiff seeks statutory damages of $10,000.00. Much like in the determination of statutory damages for copyright infringement, courts typically assess the "circumstances of the violation" and willfulness of the violation. *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019).

Plaintiff's $10,000.00 request is premised solely on the fact that "[c]ourts have awarded $10,000 in statutory damages for a defaulting defendant's violation of §1202(b) of the DMCA." (ECF No. 9 at 5). Plaintiff has submitted three orders from the Southern District of New York, each awarding $10,000.00 in statutory damages under §1203(c). (ECF No. 9-1). However, none of those orders have any information about the circumstances of the violation. They are, then, of limited value to the Court in setting damages in this case. This is particularly true where the Court

can find just as many cases where $5,000.00 was awarded by the same court. *Mango*, 356 F. Supp. 3d at 378.

Plaintiff has established by way of default that Defendant's actions were willful. However, the Court finds no other circumstances that are aggravating. The Photograph was not featured on the main webpage of Defendant's site, but instead in a blog post. The blog post in question garnered exactly zero comments as of September 19, 2018. (ECF No. 9-4 at 2). The Photograph was not used in connection with any of Defendant's commercial activities; the blog post simply recounted some of the events that occurred as part of the Times Square celebration. In short, the Court finds that Defendant willfully violated the DMCA and, after considering the circumstances of the violation, will award Plaintiff $5,000.00 in statutory damages under §1203(c)(3)(B).

**C.     Conclusion**

For the foregoing reasons, the Court DIRECTS the Clerk of Court to enter judgment in favor of Plaintiff and against Defendant on Plaintiff's Second Claim for Relief in the amount of $5,000.00. The Court WITHHOLDS ruling on Plaintiff's request for default judgment on its First Claim for Relief. Plaintiff is given until May 15, 2020, to submit admissible evidence supporting his claim for infringement damages.

SO ORDERED on April 13, 2020.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT